## United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    **CR 09-984-PSG** |
| **Defendant**    KRICH TANGCHAREON | **Social Security No.** 8  9  2  5 |
| akas: Krich Teddy Tangchareon | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

|   |   | MONTH | DAY | YEAR |
|---|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | | 05 | 25 | 10 |

**COUNSEL**    [X] **WITH COUNSEL**    DFPD Hayne Yoon
(Name of Counsel)

**PLEA**    [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.    [ ] **NOLO CONTENDERE**    [ ] **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Possession of Child Pornography, in violation of Title 18 U.S.C. § 2252A(a)(5) (B), as charged in Count Three of the Three-Count Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**37 months.**

It is ordered that the defendant shall pay to the United States a special assessment of $100, which is due immediately.

All fines are waived as it is found that the defendant does not have the ability to pay.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **ten years** under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

USA vs.  KRICH TANGCHAREON                                    Docket No.:  CR 09-984-PSG

3. During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

4. The defendant shall cooperate in the collection of a DNA sample from the defendant;

5. The defendant shall possess and use only those computers and computer-related devices, screen user names, passwords, email accounts, and internet service providers (ISPs), as approved by the Probation Officer.  Computers and computer-related devices include but are not limited to personal computers, personal data assistants (PDAs), internet appliances, electronic games, cellular telephones, and digital storage media, as well as their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers, or similar media;

6. All computers, computer-related devices and their peripheral equipment used by the defendant shall be subject to search and seizure and the installation of search and/or monitoring software and/ hardware, including unannounced seizure for the purposes of the search.  The defendant shall not add, remove, upgrade, update, reinstall, repair, or otherwise modify the hardware or software of the computers, computer-related devices, or their peripheral equipment, nor shall he hide or encrypt files or data without prior approval of the Probation Officer.  Further, the defendant shall provide all billing records, including telephone, cable, internet, satellite, and the like, as requested by the Probation Officer;

7. The defendant shall be subject to the installation of monitoring software and hardware.  The defendant shall pay the cost of the computer monitoring, in an amount not to exceed $30 per month per device connected to the internet;

8. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Officer.  The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment;

9. The defendant shall participate in a psychological counseling and/or psychiatric treatment or a sex offender treatment program, as approved and directed by the Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of such program.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider;

USA vs.   KRICH TANGCHAREON                           Docket No.:   CR 09-984-PSG

10. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  The defendant shall provide payment and proof of payment, as directed by the Probation Officer;

11. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(2).  This condition does not prohibit the defendant from possessing materials describing "sexually explicit conduct" does not apply to materials necessary to, and used for legal proceedings in this or another criminal prosecution against the defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of the defendant's court-mandated sex offender treatment;

12. The defendant shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing child pornography, as defined in 18 U.S.C. § 2256(8).  This condition does not prohibit the defendant from possessing materials solely because they are necessary to, and used for legal proceedings in this or another criminal prosecution against the defendant, including a collateral attack or appeal, or to materials prepared or used for the purposes of the defendant's court-mandated sex offender treatment;

13. The defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall he open or maintain a post office box, without the prior approval of the Probation Officer;

14. The defendant shall not frequent or loiter within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18;

15. The defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except:  a)  in the presence of the parent or legal guardian of said minor; and b) on the condition that the defendant notify said parent or legal guardian of his conviction in the instant offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal with in order to obtain ordinary and usual commercial services;

16. The defendant shall not affiliate with, own, control, volunteer and/or be employed in any capacity by a business and/or organization that causes him to regularly contact persons under the age of 18;

USA vs.   KRICH TANGCHAREON                                        Docket No.:   CR 09-984-PSG

17. The defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. The defendant shall submit the name and address of the proposed employer to the Probation Officer at least 10 days prior to any scheduled change; and

18. The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

The defendant is advised of the right to appeal.

On Government's motion, all remaining counts are ordered dismissed.

The Court recommends that the defendant be designated to a Southern California facility.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

05-25-10
Date

Philip S. Gutierrez, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

05-26-10                                    By
Filed Date                                     Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. KRICH TANGCHAREON | Docket No.: CR 09-984-PSG |
|---|---|

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

    1. Special assessments pursuant to 18 U.S.C. §3013;
    2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
    5. Other penalties and costs.

USA vs.   KRICH TANGCHAREON                         Docket No.:   CR 09-984-PSG

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
  at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____          By _____
Date                                   Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

| USA vs. | KRICH TANGCHAREON | Docket No.: | CR 09-984-PSG |

Clerk, U.S. District Court

By _____

_____  Deputy Clerk
Filed Date

---

**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
             Defendant                                             Date


_____                  _____
U. S. Probation Officer/Designated Witness           Date

# NOTICE PARTY SERVICE LIST

Case No.   **CR 09-984-PSG**          Case Title   **U.S.A. -VS- KRICH TANGCHAREON**

Title of Document   **JUDGMENT AND COMMITMENT ORDER**

| | | | | |
|---|---|---|---|---|
| | ADR | | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | | US Attorneys Office - Civil Division - S.A. |
| ☒ | BOP (Bureau of Prisons) | | | US Attorneys Office - Criminal Division -L.A. |
| | CA St Pub Defender (Calif. State PD) | | | US Attorneys Office - Criminal Division -S.A. |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | | US Bankruptcy Court |
| | Case Asgmt Admin (Case Assignment Administrator) | | ☒ | US Marshal Service - Los Angeles (USMLA) |
| | | | ☒ | US Marshal Service - Riverside (USMED) |
| | Chief Deputy Admin | | ☒ | US Marshal Service -Santa Ana (USMSA) |
| | Chief Deputy Ops | | ☒ | US Probation Office (USPO) |
| | Clerk of Court | | | US Trustee's Office |
| | Death Penalty H/C (Law Clerks) | | | Warden, San Quentin State Prison, CA |
| | Dep In Chg E Div | | | |
| | Dep In Chg So Div | | | *ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided) |
| | Federal Public Defender | | | |
| ☒ | Fiscal Section | | | Name: |
| | Intake Section, Criminal LA | | | Firm: |
| | Intake Section, Criminal SA | | | Address (*include suite or floor*): |
| | Intake Supervisor, Civil | | | |
| | MDL Panel | | | |
| | Ninth Circuit Court of Appeal | | | *E-mail: |
| | PIA Clerk - Los Angeles (PIALA) | | | *Fax No.: |
| | PIA Clerk - Riverside (PIAED) | | | * For CIVIL cases only |
| | PIA Clerk - Santa Ana (PIASA) | | | *JUDGE / MAGISTRATE JUDGE (list below):* |
| ☒ | PSA - Los Angeles (PSALA) | | | |
| ☒ | PSA - Riverside (PSAED) | | | |
| ☒ | PSA - Santa Ana (PSASA) | | | |
| | Schnack, Randall (CJA Supervising Attorney) | | | **Initials of Deputy Clerk   WH** |
| | Statistics Clerk | | | |